[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division. That court terminated the parental rights of appellant, Candy B., the natural mother, and awarded permanent custody of the two minor children, Charles S. and William S., to appellee, Lucas County Children Services ("LCCS")[1].
Appellant's appellate counsel filed an Anders brief and a request to withdraw as counsel on appeal. In her affidavit/motion to withdraw, counsel asserts that she carefully reviewed the record in this case, researched case and statutory law relating to potential issues in this appeal and was unable to find any arguable issues. Nevertheless, counsel submits the following assignment of error that might arguably form the basis of an appeal:
 "The Trial Court's Decision to Grant Lucas County Children Service's [sic] Board Permanent Custody Is Not Supported by Clear and Convincing Evidence."
R.C. 2151.414 sets forth the procedure to be followed and standard to be applied in cases where a children services agency moves for permanent custody of an abused, neglected or dependent child. In re Amanda W. (1997), 124 Ohio App.3d 136,141-142. The agency must offer clear and convincing evidence to establish that one or more of the conditions listed in R.C.2151.414(E) exists as to each of the child's parents. In reWilliam S. (1996), 75 Ohio St.3d 95, syllabus. If the court determines that one or more of the conditions listed in R.C.2151.414(E) exists, the court can and must enter a finding that the child cannot be placed with either of his or her parents within a reasonable time or should not be placed with his or her parents. R.C. 2151.414(E). Finally, under R.C. 2151.414(D), a juvenile court must consider the best interests of the child by examining factors relevant to that case. Only then can the court terminate the rights of a natural parent and award permanent custody of a child to a children services agency. In re WilliamS. (1996), 75 Ohio St.3d at 99.
Clear and convincing evidence is more than a mere preponderance of the evidence. Rather, a petitioner must prove each of its allegations by producing "in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
The trial court determined that clear and convincing evidence demonstrated that appellant lacked a commitment toward her children by failing to support, visit or communicate with William and Charles when she was able to do so. See R.C.2151.414(E)(4). The court therefore entered the requisite finding that the children could not be placed with appellant within a reasonable time or should not be placed with appellant.
The record of this case reveals that in February 1998, Charles, who was two years old at the time, and William, who was six months old, were left at home alone. Due to this fact the children were removed from the home and placed in the temporary custody of LCCS. They were subsequently adjudicated dependent and neglected children.
Appellant, who was almost thirty-eight years old at the time the children were removed from the home, is admittedly addicted to alcohol and cocaine. When the children were removed, she was living with their father. The couple had an extensive history of domestic violence. In attempting to reunify the family, LCCS provided the mother with counseling for domestic violence, a substance abuse assessment and treatment program, parenting classes and a psychological evaluation and counseling.
The father of the children was also offered these services. In addition, the parents had visitation with their children once, and later twice, per week, for approximately two and one-half to three hours per visit. Appellant's caseworker visited the home on a monthly basis; however, as appellant became increasingly hostile, the caseworker asked the parents to come to her office.
Initially, appellant availed herself of all of the offered services. She was able to stay "clean and sober" for five months and visited her children on a regular basis. On October 14, 1998, a progress meeting was scheduled to review appellant's psychological assessment. In her report, the psychologist, Charlene A. Cassel, Ph.D., noted that appellant's behaviors are "not likely to change." The psychologist indicated that appellant's success as a parent rested on her ability to remain drug and alcohol free. Cassel concluded that appellant "has been drug free for a very short period of time and given her history and personality, the prognosis for further substance abuse is very high." Due largely to this report, LCCS and appellant devised a plan under which appellant would temporarily move out of the home and the children would be returned to their father's care. Appellant and the children's father never carried out this plan.
In early November 1998, there was a domestic violence incident between appellant and the children's father. Appellant then disappeared for approximately three weeks. The caseworker's next contact with appellant was on December 15, 1998. Because the father suggested that appellant had relapsed and was probably "bingeing," the caseworker asked appellant to leave a urine screen. The result of the screen was positive for cocaine. Although appellant disputed the test result, she never appeared for another urine screen.
After September 1998, appellant stopped visiting her children on a regular basis. She never called to say that she was not exercising her right to visit. Appellant never inquired about the children's well-being or progress. In November, mail sent to the parents' address was returned. In late December, the children's father was incarcerated for acts of domestic violence toward appellant. In January 1999, LCCS filed its motion for permanent custody. Sometime between January and March 1999, appellant moved in with her new boyfriend in Petersburg, Michigan. As of the time of the hearing on the motion for permanent custody in December 1999, appellant had not attended a meeting with her caseworker since April of that year. She completed domestic violence counseling in February 1999. Nonetheless, she was dropped from her other therapy group due to poor attendance.
Both of appellant's sons were developmentally delayed when they were removed from her care. Both were placed in the same foster home and have adjusted well. The foster parents help the children to participate in an Early Intervention program where William has made great progress in his speech and movement. According to the report of the guardian ad litem, Charles appears to be in the normal developmental stage for his age. The children's guardian recommended that permanent custody be awarded to LCCS so that Charles and William could have a stable environment.
Upon a review of the foregoing, we find that clear and convincing evidence was offered to support a finding that Charles and William could not be placed with their mother within a reasonable time or should not be placed with their mother and that it is in the best interests of these children to award permanent custody to the LCCS. Accordingly, we agree with the assessment of counsel that the sole arguable issue raised lacks merit.
In addition to considering the proposed assignment of error, we have thoroughly reviewed the record in this matter and have failed to find any prejudicial error or infringement of appellant's constitutional rights in the proceedings before the trial court. Furthermore, appellant was provided with an opportunity to file her own brief, but failed to do so. Therefore, we conclude that this appeal is without merit and wholly frivolous. Appellate counsel's motion to withdraw is found well-taken and is, hereby, granted. The judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the court costs of this appeal.
 In the Matter of Charles S. and William S. L-99-1364
 __________________________ Resnick, M. L., J.
 Melvin L. Resnick, J., James R. Sherck, J. Richard W. Knepper,P.J., JUDGES CONCUR.
[1] The parental rights of Charles S., the children's father, were also terminated. He did not appeal the grant of permanent custody to LCCS. Therefore, we shall not discuss the proceedings below as they relate to him.